UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VERNITA WORRELL,

                                         Plaintiff,     **ANSWER WITH**

               -against-                          **CROSS-CLAIMS**

COWGIRL, INC. d/b/a COWGIRL and             Docket No.: 18-CV-08988
HUDSON STREET EQUITIES GROUP L.P.,

                                     Defendants.
-------------------------------------------------------------------X

         Defendant Cowgirl, Inc., d/b/a Cowgirl ("Cowgirl"), by its attorneys, Hamburger, Maxson, Yaffe & McNally, LLP, in answer to the plaintiff's Complaint, alleges as follows:

         Cowgirl denies that it violated the Americans with Disabilities Act ("ADA"), the ADA's Accessibility Guidelines ("ADAAG"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), or any other laws. To the extent not expressly admitted herein, all allegations set forth in the Complaint are specifically denied.

         1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to set forth the basis for the Court's jurisdiction.

         2.      Denies the allegation set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to set forth the basis for venue in this Court.

         3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "3" of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "4" of the Complaint.

5.      Admit the allegation set forth in paragraph "5" of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "6" of the Complaint.

7.      Admit the allegation set forth in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "9" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "10" of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "11" of the Complaint, and deny the allegation that there exists a barrier to entry which has not otherwise already been reasonably accommodated.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "12" of the Complaint, and affirmatively assert that plaintiff was provided reasonable access to the Cowgirl.

2

13.    Deny the allegation in paragraph "13" of the Complaint that "the employee had no knowledge as to how to correctly affix the ramp," and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the remainder of the paragraph.

14.    Deny the allegation in paragraph "14" of the Complaint that the ramp was in danger of falling off the step and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the remainder of the paragraph.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "15" of the Complaint, and affirmatively assert that railings are not required by governing law.

16.    Deny the allegations set forth in paragraph "16" of the Complaint.

17.    Deny the allegations set forth in paragraph "17" of the Complaint, and affirmatively asserts that there is no barrier to reasonable access to Cowgirl.

18.    The allegation set forth in paragraph "18" is a legal conclusion to which no response is warranted, and all matters of law are referred to the Court, but Cowgirl denies that plaintiff is entitled to any relief or recovery.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "19" of the Complaint, and affirmatively asserts that there is no barrier to reasonable access to Cowgirl.

3

20.     Deny the allegation set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "33" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34.     Plaintiff lacks standing to maintain this action and the Court therefore lacks subject matter jurisdiction.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36.    Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37.    Plaintiff's claims are barred by the Settlement Agreement and Release resolving the prior litigation brought by plaintiff's attorney captioned, *Brown v. Cowgirl, Inc. d/b/a Cowgirl and Hudson Street Owner Equities, LLC,* 13-CV-3697 (GBD) (the "Brown Litigation").

38.    In the complaint filed in the Brown Litigation, plaintiff's attorney raised the exact same claims under the ADA, NYSHRL and NYCHRL raised in the complaint filed in this litigation.

39.    The plaintiff in the Brown Litigation and the plaintiff in this litigation both claim to be disabled by virtue of being wheelchair bound, and, thus, claim to have the same accessibility issues.

40.    Cowgirl complied in good faith with the requirements of the Settlement Agreement and Release fully negotiated and agreed to in the Brown Litigation, which compliance included lump sum payment of attorney's fees and costs to

plaintiff's attorney, and, as a reasonable accommodation to provide wheelchair access and resolve all other claims, the installation and utilization of a movable ramp and a permanent buzzer/bell and ADA signage at the main entrance of the premises.

41.    All terms of the Settlement Agreement and Release in the Brown Litigation were fully satisfied by Cowgirl and Hudson Street, in good faith.

42.    At no time did plaintiff's attorney challenge the work that Cowgirl performed in accordance with the terms of the Settlement Agreement and Release or assert that such work failed to comply with the requirements of the Settlement Agreement and Release.

43.    Nonetheless, through this litigation, plaintiff and plaintiff's attorney are improperly seeking to raise the very same issues presented in the Brown Litigation and are attacking the very same reasonable accommodation agreed to in resolving that litigation in the Settlement Agreement and Release.

44.    There have been no physical changes or alterations to the Cowgirl premises or any other change of circumstances since the settlement of the Brown Litigation, other than the installation of the remedial accommodations required by that settlement.

45.    Plaintiff and plaintiff's attorney have no good faith basis for bringing this litigation to raise the same issues raised and resolved through settlement in the Brown Litigation.

6

46.     The factual basis of the complaint is premised upon plaintiff's alleged use of the ramp provided as a result of the settlement of the Brown Litigation, up the 4-5 inch step at the main entrance of Cowgirl.

47.     This is the very same ramp authorized and agreed upon in the settlement of the Brown Litigation.

48.     The contention in the complaint that the lack of railings on the ramp violates plaintiff's rights not only improperly challenges the resolution negotiated by plaintiff's attorney in the Brown Litigation (which did not require a ramp with railings), but is asserted without legal justification as it is contrary to the requirements of governing law which does not require railings on ramps with a rise of less than six (6) inches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims are barred by collateral estoppel, claim preclusion, issue preclusion and/or res judicata.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50.     Plaintiff's claims are barred in whole or in part to the extent she is not disabled as defined by the ADA, NYSHRL or NYCHRL.

7

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51.     The accommodations demanded by plaintiff and/or the removal of the alleged barriers mentioned in the Complaint, are not readily achievable, feasible or easily accomplished and/or would result in an undue burden to Cowgirl not authorized by the governing statutes and regulations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, waiver and/or unclean hands.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53.     Plaintiff's claims are barred for failure to exhaust administrative remedies and failure to comply with statutory requirements.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

54.     Federal law, New York State law and New York City law do not require Cowgirl to alter or modify the property.

8

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

55.     Cowgirl has not denied plaintiff physical access to the property or to any of the facilities therein.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

56.     Plaintiff has failed to take reasonable steps to protect herself from the damages alleged in the Complaint and has failed to mitigate any such alleged damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

57.     Upon information and belief, plaintiff has filed no less than eighteen (18) similar cases in this Court.  Plaintiff's claims and request for relief should be barred to the extent that she is a serial and vexatious litigant.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

58.     Cowgirl exercised reasonable care to ensure compliance with all federal, state and city  laws, regulations and/or ordinances, and plaintiff unreasonably failed and/or refused to take advantage of the accommodations provided, or otherwise available.

9

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

59.     To the extent that Cowgirl is a prevailing party as to any claim alleged in the Complaint, Cowgirl reserves the right to seek all permissible relief authorized under federal, state and/or city laws, regulations and/or ordinances, and /or court rules applicable to actions brought in this Court.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

60.     In the event that modifications to the leased premises are required, all of them are the responsibility of the co-defendant landlord.

## AS AND FOR A FIRST CROSS-CLAIM OVER AND AGAINST THE DEFENDANT HUDSON STREET EQUITIES GROUP L.P.

61.     If the plaintiff sustained damages or is entitled to injunctive relief in the manner alleged in the complaint, and recovers judgment against the answering defendant Cowgirl, such damages and the requirement of injunctive relief will have been brought in whole or in part as a result of the actions and conduct of the co-defendant landlord, Hudson Street Equities Group L.P. ("Hudson Street"), and Cowgirl shall be entitled to contribution or apportionment from Hudson Street of an equitable share of any such judgment on the basis of the comparative degree of culpability of Hudson Street.

## <u>AS AND FOR A SECOND CROSS-CLAIM OVER AND AGAINST</u>
## <u>THE DEFENDANT HUDSON STREET EQUITIES GROUP L.P.</u>

62.     If the plaintiff sustained damages as alleged in the complaint as a result of the negligence other than the plaintiff's, such damages will have been brought as a result of the active, primary and affirmative negligence of the defendant Hudson Street, without any such negligence on the part of Cowgirl.

63.     If Cowgirl is held liable in whole or in part for any damages sustained by the plaintiff, such liability will have been brought about by operation of law as a result of the negligence of the defendant Hudson Street, without any acts of negligence or negligent conduct on the part of Cowgirl, and Cowgirl shall be entitled to judgment over and against the defendant Hudson Street, for the amount of any judgment rendered against the answering defendant.

**WHEREFORE,** Cowgirl demands judgment:

a.     Dismissing the Complaint in its entirety with costs and attorneys' fees;

b.     Awarding Cowgirl judgment against defendant Hudson Street Equities Group L.P. as follows:

    i.     Indemnification from and judgment for the full amount of any recovery by the plaintiff against the answering defendant, including all costs, disbursements and expenses incurred in the defense of this action and the conduct of this cross-claim; or alternatively; and

11

ii.  Contribution from and judgment for an equitable share of any such judgment recovered against the answering defendant by the plaintiff of this action, including all costs, disbursements and expenses incurred in the defense of this action and in the conduct of this cross-claim; and

c.  Awarding such other and further relief as this Court deems just and

proper.

Dated:   Melville, New York
         January 17, 2019

Yours, etc.,

**HAMBURGER, MAXSON, YAFFE**
**& McNALLY, LLP**
*Attorneys for Defendant Cowgirl Inc. d/b/a Cowgirl*

By: _____
    David N. Yaffe, Esq.
    225 Broadhollow Road, Suite 301E
    Melville, New York 11747
    631.694.2400

TO:   **DONALD J. WEISS, ESQ.**
      *Attorney for Plaintiff*
      363 Seventh Avenue
      New York, NY 10001
      212.967.4440

      **JACKSON LEWIS P.C.**
      *Attorneys for Defendant Hudson Street Equities Group, L.P*
      Attn:  Marjorie Kaye, Jr., Esq.
      1601 Cherry Street, Suite 1350
      Philadelphia, PA 19102
      267.319.7802

12