Jackson Lewis P.C.
Marjorie N. Kaye, Jr.
Mina M. Wood
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000
*Attorneys for Defendant*
*Hudson Street Equities Group L.P.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VERNITA WORRELL,<br><br>                Plaintiff,<br><br>-against-<br><br>COWGIRL, INC. and HUDSON STREET EQUITIES GROUP L.P.,<br><br>                Defendants. | Case No. 1:18-cv-08988-LAP |

## ANSWER TO COMPLAINT AND CROSS-CLAIM AGAINST COWGIRL, INC.

Defendant Hudson Street Equities Group L.P. ("Defendant"), by and through the undersigned counsel, respectfully submits the following Answer to the Complaint filed by Plaintiff Vernita Worrell and Cross-Claim against Cowgirl, Inc. ("Cowgirl").

### AS TO JURISDICTION AND VENUE

1.  Defendant denies the allegations in Paragraph "1" of Plaintiff's Complaint, except admits that this Court has jurisdiction pursuant to the statutes upon which Plaintiff relies, either directly or by supplemental jurisdiction.

2.  Defendant denies the allegations in Paragraph "2" of Plaintiff's Complaint, except admits that venue is properly placed in this forum.

### AS TO PARTIES

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "3" of Plaintiff's Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "4" of Plaintiff's Complaint.

5. Defendant denies the allegations in Paragraph "5" of Plaintiff's Complaint, except avers that Defendant Cowgirl is the lessee of the property which is the subject of this action.

6. Defendant admits the allegations in Paragraph "6" of Plaintiff's Complaint.

7. Defendant admits the allegations in Paragraph "7" of Plaintiff's Complaint.

## AS TO STATEMENT OF FACTS

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "8" of Plaintiff's Complaint, except avers that the subject premises are located at 519 Hudson Street, New York, New York.

9. Defendant denies the allegations in Paragraph "9" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "10" of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph "11" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12. Defendant denies the allegations in Paragraph "12" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

13. Defendant denies the allegations in the first Paragraph "13" of Plaintiff's Complaint,[1] insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

14. Defendant denies the allegations in the second Paragraph "13" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

15. Defendant denies the allegations in Paragraph "14" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16. Defendant denies the allegations in Paragraph "15" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

17. Defendant denies the allegations in Paragraph "16" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

18. Defendant denies the allegations in Paragraph "17" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

19. Defendant denies the allegations in Paragraph "18" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and denies Plaintiff is entitled to any relief or remedy specified therein.

---

[1]   Plaintiff's Complaint contains two Paragraphs "13."

20. Defendant denies the allegations in Paragraph "19" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

21. The allegations in Paragraph "20" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the regulation cited therein for its full and accurate content.

22. Defendant denies the allegations in Paragraph "21" of Plaintiff's Complaint, and each subparagraph thereof.

23. Defendant denies the allegations in Paragraph "22" of Plaintiff's Complaint, insofar as they relate to this answering Defendant, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

24. The allegations in Paragraph "23" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

## AS TO CLAIM I

25. The allegations in Paragraph "24" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

## AS TO CLAIM II

26. The allegations in Paragraph "25" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

27. The allegations in Paragraph "26" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

**AS TO CLAIM III**

28. The allegations in Paragraph "27" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

29. The allegations in Paragraph "28" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

**AS TO CLAIM IV**

30. The allegations in Paragraph "29" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

31. The allegations in Paragraph "30" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

## AS TO CLAIM V

32. The allegations in Paragraph "31" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

33. The allegations in Paragraph "32" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

34. The allegations in Paragraph "33" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations insofar as they relate to this answering Defendant, otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and respectfully refers the Court to the statute cited therein for its full and accurate content.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

35. Defendant denies Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clause set forth in Plaintiff's Complaint, and each subpart thereof.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

As further Answer to the Complaint, Defendant assert the following defenses, without assuming any burden of production or proof that it would not otherwise have, each of which is a bar to Plaintiff's allegations. Defendant also reserves the right to assert additional defenses as they may become known during the course of the investigation or otherwise.

### FIRST DEFENSE

36. Plaintiff's Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendant.

### SECOND DEFENSE

37. Plaintiff's Complaint is barred in whole or in part to the extent Defendant relied on the directions and directives of the City of New York and/or County of New York permitting authorities regarding the accessibility of the subject premises.

### THIRD DEFENSE

38. Plaintiff's Complaint is barred in whole or in part to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

### FOURTH DEFENSE

39. Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the Americans with Disabilities Act and/or applicable state and local public accommodation laws.

### FIFTH DEFENSE

40. The removal of any barriers by Defendant is excused to the extent such barrier removal is structurally infeasible and/or not readily achievable.

### SIXTH DEFENSE

41. Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant has undertaken in the place of public accommodation.

### SEVENTH DEFENSE

42. Plaintiff claims are barred by the applicable statute of limitations.

### EIGHTH DEFENSE

43. Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

### NINTH DEFENSE

44. Plaintiff's claims are barred to the extent she lacks standing to pursue such claims.

### TENTH DEFENSE

45. At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

### ELEVENTH DEFENSE

46. Any recovery on the Complaint seeking injunctive relief is barred, in whole or in part, because Plaintiff is not entitled to such injunctive and has adequate remedies at law.

### TWELFTH DEFENSE

47. Defendant is not a proper defendant as to some or all of Plaintiff's claims.

**THIRTEENTH DEFENSE**

48. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

**FOURTEENTH DEFENSE**

49. Plaintiff's claims are barred, in whole or in part, by collateral estoppel, claim preclusion, issue preclusion, and/or res judicata.

**FIFTEENTH DEFENSE**

50. Plaintiff's claims are barred by the Settlement Agreement and Release resolving the prior litigation brought by Plaintiff's attorney captioned, *Brown v. Cowgirl, Inc. d/b/a Cowgirl and Hudson Street Owner Equities, LLC*[2], 13-CV-3697 (GBD) (the "Brown Litigation").

51. In the complaint filed in the Brown Litigation, Plaintiff's attorney raised the exact same claims under the ADA, NYSHRL and NYCHRL raised in the complaint filed in this litigation against the same defendants.

52. The plaintiff in the Brown Litigation and Plaintiff in this litigation both claim to be disabled by virtue of being wheelchair bound, and thus, claim to have the same accessibility issues.

53. Defendants complied in good faith with the requirements of the Settlement Agreement and Release fully negotiated and agreed to in the Brown Litigation, which compliance included lump sum payment of attorney's fees and costs to plaintiff's attorney, and, as a reasonable accommodation to provide wheelchair access and resolve all other claims, the installation and

---

[2]   Hudson Street Owner Equities, LLC was wholly owned by Defendant Hudson Street Equities Group L.P.

utilization of a moveable ramp and a permanent buzzer/bell and ADA signage at the main entrance of the premises.

54. All terms of the Settlement Agreement and Release in the Brown Litigation were fully satisfied by Cowgirl and Defendant, in good faith.

55. At no time did plaintiff's attorney challenge the work that Cowgirl performed in accordance with the terms of the Settlement Agreement and Release or assert that such work failed to comply with the requirements of the Settlement Agreement and Release.

56. Nonetheless, through this litigation, Plaintiff and Plaintiff's attorney are improperly seeking to raise the very same issues presented in the Brown Litigation and are attacking the very same reasonable accommodation agreed to in resolving that litigation in the Settlement Agreement and Release.

57. There have been no physical changes or alterations to the Cowgirl premises or any other change of circumstances since the settlement of the Brown Litigation, other than the installation of the remedial accommodations required by that settlement.

58. Plaintiff and Plaintiff's attorney have no good faith basis for bringing this litigation to raise the same issues raised and resolved through settlement in the Brown Litigation.

59. The factual basis of the complaint is premised upon Plaintiff's alleged use of the ramp provided as a result of the settlement of the Brown Litigation, up the 4-5 inch step at the main entrance of Cowgirl.

60. This is the very same ramp authorized and agreed upon in the settlement of the Brown Litigation.

61. The contention in the complaint that the lack of railings on the ramp violates Plaintiff's rights not only improperly challenges the resolution negotiated by Plaintiff's attorney

in the Brown Litigation (which did not require a ramp with railings), but is asserted without legal justification as it is contrary to the requirements of governing law which does not require railings on ramps with a rise of less than six (6) inches.

\*   \*   \*

## CROSS CLAIM AGAINST COWGIRL, INC.

1. Defendant Cowgirl is authorized to conduct, and is conducting business within the State of New York.

2. The subject Property complained of, in part, is maintained, operated and controlled by Defendant Cowgirl.

3. Defendant has no control over the operation and maintenance of the Property maintained, operated and controlled by Defendant Cowgirl.

### FIRST CROSS-CLAIM – INDEMNIFICATION AND CONTRIBUTION

4. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 3 of the Cross-Claim above as if fully set forth herein.

5. Defendant Hudson Street Equities Group L.P. ("Owner") and Defendant Cowgirl ("Tenant") are parties to a certain Lease dated December 16, 1998, as amended from time to time, by and between Hudson Street Equities Group L.P. ("Landlord") and Cowgirl, Inc. ("Tenant") for premises operated as Cowgirl located at 519 Hudson Street, New York, New York (the "Lease").

6. Pursuant to the Lease, Defendant Cowgirl is required to keep the Premises in good order and condition, and to do all things necessary to cause the Premises to comply with applicable laws, ordinances, rules and regulations, including, but not limited to, the Americans with Disabilities Act.

7.      Article 11 of the Lease states that:

Tenant covenants and agrees to indemnify and save Landlord harmless against and from any and all claims by or on behalf of any person, firm, corporation or other entity or entities arising from or in connection with Tenant's use of or from any work or thing whatsoever done in or about the Demised Premises or any part thereof during the term of this Lease. Tenant shall further indemnify and save harmless Landlord against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Landlord shall not be reimbursed by insurance, including reasonable attorneys' fees paid, suffered or incurred as a result of any breach by Tenant, Tenant's agents, contractors, employees, invitees or licensees, of any covenant or condition of this Lease, or the carelessness, negligence or improper or tortious conduct of Tenant, Tenant's agents, contractors, employees, invitees or licensees. Tenant's liability under this Lease extends to the acts and omissions of any subtenant, and any agent, contractor, employee, invitee or licensee of any subtenant. In case any action or proceeding is brought against Landlord by reason of any such claim, Tenant, upon written notice from Landlord, will, at Tenant's expense, resist or defend such action or proceeding by counsel approved by Landlord in writing, such approval not to be unreasonably withheld.

8.      On or about November 14, 2018, Defendant sent written correspondence to Cowgirl seeking a tender of defense of this matter. However, Cowgirl has failed to indemnify and hold Defendant harmless. Cowgirl is in breach of the Lease.

9.      Pursuant to the Lease, Cowgirl is obligated to indemnify and hold Defendant harmless for any liability resulting from this matter.

10.     Accordingly, if Defendant Cowgirl has caused or is liable upon any liability to Plaintiff, then Defendant Cowgirl shall be liable, to the greatest extent permitted by law, to Defendant for contribution and/or indemnification and contractual contribution, defense and/or indemnification, in whole or in part.

**WHEREFORE**, Defendant respectfully requests the Court to:

a.      Dismiss Plaintiff's Complaint in its entirety, with prejudice;

b.      Deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

      c.      Grant Defendant's cross claim against Defendant Cowgirl in its entirety;

      d.      Award Defendant the reasonable attorneys' fees and costs it incurs in defending this action and filing its cross claim; and

      e.      Grant Defendant such other and further relief as the Court deems just and proper.

Dated: January 18, 2019
       New York, New York

                                Respectfully Submitted:

                                JACKSON LEWIS P.C.
                                666 Third Avenue, 29th Floor
                                New York, New York 10017
                                (212) 545-4000

                  By:    */s Marjorie N. Kaye*
                                Marjorie N. Kaye – MK7141
                                Mina M. Wood – MW8444
                                *Attorneys for Defendant*
                                *Hudson Street Equities Group L.P.*

4837-5192-6149, v. 2